## BADGETT v. DAVIS, Rec.

No. 26148. Feb. 25, 1936.

Rehearing Denied March 24, 1936.

Melton & Melton, for plaintiff in error.

Bailey & Hammerly and T. H. Williams, Jr., for defendant in error.

PER CURIAM. Badgett Steam Lubricator Company, a corporation, commenced this suit in the district court of Grady county against the defendant, J. W. Badgett, for the recovery of a Buick coupe automobile, and issued, at the beginning of the action, a writ of replevin, under which the property was taken from the defendant, J. W. Badgett, and upon the failure of the defendant to give a redelivery bond, the possession of the car was delivered to the plaintiff. After the filing of this suit, by order of court, Clarence Davis, receiver, was substituted as party plaintiff.

On the 3rd day of March, 1934, this case came on for trial before the district court, and the parties and their counsel appeared, announced ready for trial, and introduced their evidence before the court and jury. At the conclusion of the evidence, the trial judge sustained the demurrer of the plaintiff to the evidence of the defendant; thereupon the jury was discharged over the objection and exceptions of defendant, and judgment entered for the plaintiff.

There was filed a regular motion for a new trial, based upon three grounds, but they are, in substance, based upon the alleged error of the court in sustaining a demurrer to defendant's evidence, thereby depriving the defendant of a jury trial upon a controverted issue of fact. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The evidence upon the part of the plaintiff was to the effect that the Buick car in question was the property of the Badgett Steam Lubricator Company, a corporation, and was in the possession of Fred L. Badgett, managing officer of the plaintiff corporation, at the time Fred L. Badgett was accidently killed, and that immediately after the death of Fred L. Badgett, the car was delivered to the wife of Fred L. Badgett, who loaned the car to the defendant, J. W. Badgett. The defendant introduced his evidence, which disclosed that on August 18, 1930, the car in question was purchased by Fred L. Badgett for the Badgett Steam Lubricator Company, a copartnership; the title to the car being then in the name of the partnership. The checks given for the car were the checks of the partnership. The defendant, J. W. Badg-

ett, testified that he did not own any interest in the plaintiff corporation, but that he was a member of the Badgett Steam Lubricator Company, a copartnership, and that the same was never dissolved, and that the partnership never transferred the title to the car in question to the plaintiff corporation. He contends further that he never, at any time, conveyed his interest in the partnership property to the plaintiff corporation, or to anyone else. On rebuttal, the plaintiff joined issue with the defendant on the question of whether or not the defendant was a member of a partnership known as the Badgett Steam Lubricator Company.

This court has heretofore held that in a replevin action the defendant may make any defense which will defeat plaintiff's claim of right of possession, as against defendant, and where there is in the evidence an issue as to the ownership or right of possession of the property claimed, a question for the jury is presented. Craighead et al. v. Myers, 146 Okla. 25, 293 P. 192.

There is much evidence in this record tending to sustain the contention of the defendant; therefore, it was error for the court to sustain a demurrer to this evidence. The judgment of the trial court is reversed, with directions that the same be retried in conformity herewith.

The Supreme Court acknowledges the aid of District Judge S. J. Clendinning in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion, as modified, was adopted by the court.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.